MEMORANDUM *
Petitioners seek review of a final EPA action finding two areas in California did not attain the revoked one-hour ozone pollution standard by the applicable deadline. EPA issued this rule pursuant to its general rulemaking authority and its authority to reclassify areas based on air quality under §§ 301(a) and 181(b)(2) of the Clean Air Act. Petitioners argue EPA violated the clear dictates of the Clean Air Act by declining to rely on § 179(c) to make this nonattainment finding, which would have triggered attainment planning provisions under § 179(d). We have subject matter jurisdiction to review a local or regionally applicable final EPA action under 42 U.S.C. § 7607(b)(1). Constitutionally, our jurisdiction is also contingent on Petitioners having standing to bring this action. Petitioners fail to satisfy the redressability requirement for standing. We therefore have no jurisdiction to review this appeal. We dismiss the petition.
An organization has standing to bring an action on behalf of its members if the suit does not require its members’ direct participation; the suit seeks to protect interests that are germane to the organization’s purpose; and members would have standing to sue individually. See Hunt v. Wash. State Apple Advert. Comrn’n, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). Petitioners’ lawsuit does not require its members’ participation. It seeks to advance Petitioners’ organizational mission to protect the environment. For individual members to have standing to sue, Petitioners must show their members have suffered a concrete and particularized injury; that the injury is fairly traceable to the challenged EPA action; and that it is likely, as opposed to merely speculative, that a favorable decision will redress that injury. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The burden of establishing these elements of standing is Petitioners. Id. at 561, 112 S.Ct. 2130.
Petitioners fail to demonstrate how compelling EPA to rely on § 179(c) to make a *923 one-hour ozone nonattainment determination, thereby triggering the attainment provisions in § 179(d), would result in the San Joaquin Valley and South Coast air basins implementing more stringent antipollution measures or attaining the one-hour ozone standard more expeditiously. When EPA determined the areas had failed to attain the one-hour standard, it ensured that anti-backsliding measures would remain in effect and required the state to submit new attainment plans. The plans California has submitted for the two nonattainment areas commit the state to implementing. all feasible ozone control measures and to attaining the one-hour standard as expeditiously as practicable. Petitioners fail to show how requiring the nonattainment areas to implement plans in accordance with § 179(d) will cause these areas to attain the one-hour ozone standard faster than they will under the current plans. To the contrary, remanding to the EPA to re-issue its nonattainment determinations pursuant to § 179(c) would further delay the attainment process and, possibly, the deadlines for these areas to attain the one-hour ozone standard. Promulgating a nonattainment determination pursuant to §, 179(c) would not result in these areas attaining the one-hour ozone standard more expeditiously. Requiring EPA to take such action would not redress Petitioners’ health and aesthetic injuries.
PETITION FOR REVIEW DISMISSED.[1]

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Motion to take Judicial Notice filed on December 16, 2015 by Respondent-Intervenor is GRANTED.